**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CIVIL ACTION NO. 5:13-CR-00041-1-TBR**

UNITED STATES OF AMERICA Plaintiff,

v.

HAROLD BESS (1) Defendant
a/k/a Peanut

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon the Commonwealth of Kentucky's verified petition claiming an interest in property that the United States seized from Defendant Harold Bess. (Docket No. 113.) The United States has responded, (Docket No. 122), and the Commonwealth has replied, (Docket No. 126). Fully briefed, the matter stands ripe for adjudication. For the reasons explained below, the Court will DENY the Commonwealth's claim.

**Factual Background**

On August 14, 2014, Defendant Bess pleaded guilty to all counts of an eleven-count indictment, which included multiple drug trafficking charges, a conspiracy charge, and a firearms violation. As part of the plea, Bess agreed to forfeit certain property that had been seized, including certain cash proceeds. (Docket No. 102.) The instant dispute arises from the Commonwealth's disagreement with the United States regarding which of the two is entitled to certain amounts of the forfeited proceeds.

On June 20, 2013, deputies of the Marshall County Sheriff's Office (MCSO) arrested Bess and discovered a safe containing $35,980 in cash attributable to drug transactions. Upon arresting Bess, MCSO personnel requested the assistance of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Late in the day, ATF Special Agent Jason Murphy relayed that the ATF would adopt the case.

The seized cash remained in the MSCO's custody overnight. Murphy retrieved the cash on the afternoon of June 21, 2013, when he began the forfeiture process.

The Commonwealth states that Bess owes a total of $18,603.80 in overdue child support. At 4:20 p.m. on June 21, 2013, Assistant Marshall County Attorney Jason Darnall filed a notice of lien on behalf of the Commonwealth's Cabinet for Health & Family Services against "any and all monies, motor vehicles, or other items of value that have been confiscated and/or seized by the Marshall County Sheriff's Office from . . . Defendant, HAROLD BESS, for purposes of delinquent child support owed by said Defendant." (Docket No. 113 at 3.) The lien was recorded three days later, on June 24, 2013, at 10:13:11 a.m. (Docket No. 113 at 4.) The Commonwealth submits that its interest in this amount of the forfeited cash is superior to that of the United States. Meanwhile, the United States insists that federal law precludes the Commonwealth's claim.

**Analysis**

When the United States effects a criminal forfeiture pursuant to 21 U.S.C. § 853, a third party asserting a legal interest in the property may petition the court to adjudicate the nature of his or her alleged interest in the property. *United States v. Salti*, 579 F.3d 656, 661 (6th Cir. 2009) (quoting 21 U.S.C. § 853(n)(2)). At the outset of this task, the Court turns to the criminal forfeiture statute: when a defendant's property constitutes or is derived from proceeds of criminal activity, such property is forfeited to the United States, "irrespective of any provision of State law." 21 U.S.C. § 853(a). The criminal forfeiture statute provides that all right, title, and interest in property subject to forfeiture "vests in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(n)(6). Under the relation-back clause codified by the statute, "'[a]fter the commission of the criminal acts, title to the forfeitable property, by operation of the relation-back clause, actually belongs to the government.'" *United States v. Huntington Nat. Bank*, 682 F.3d 429, 433 (6th Cir. 2012) (quoting *United States v. Harris*, 246 F.3d 556, 575 (6th Cir. 2001)). Applying this general principle, then, the United States held an interest in the money upon its forfeiture.

However, Congress carved out to exceptions to the statute in an effort to safeguard the interests of innocent third parties. One exception protects bona fide purchasers for value and does not apply here. *See* 21 U.S.C. § 853(n)(6)(B). At issue is the first exception, which involves a petitioner whose legal interest in the property at the time of the crime either was vested in him rather than the defendant or was superior to that of the defendant. *United States v. Harris*, 246 F.3d 556, 574 (6th Cir. 2001) (quoting *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir. 1991)). A petitioner may obtain relief from forfeiture if it establishes by a preponderance of the evidence that:

> the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section . . . .

*Salti*, 579 F.3d at 661-62 (quoting 21 U.S.C. § 853(n)(6)). Therefore, the instant inquiry concerns whether the Commonwealth has demonstrated a "legal right, title, or interest" in the forfeited monies.

In criminal forfeiture proceedings, the Government "is entitled to the defendant's interest and nothing more." *United States v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001) (collecting cases). "The Government simply steps into the defendant's shoes" and acquires no greater interest in the forfeitable property "than the defendant held at the time the defendant committed the criminal acts." *O'Dell*, 247 F.3d at 680 (quoting *Kuhn v. Vista Disposal, Inc.*, 826 F. Supp. 218, 224 (E.D. Mich. 1993)). If a third party's interest in the forfeited property was superior to the defendant's interest at the time of the criminal acts, "then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party. . . ." *Harris*, 246 F.3f at 575 (quoting *Lavin*, 942 F.2d at 185-86) (footnote and citations omitted)). But Bess himself never held good title to the forfeited monies: as stated above, all interest in forfeited property vests in the United States upon commission of the crime. 21 U.S.C. § 853(n)(6). The United States' interest in the cash at issue—that is, the proceeds of criminal activity—vested at the moment of commission. The Commonwealth never acquired an interest in the

cash, as "'[p]roceeds of crime . . . do not precede the crime.'" *United States v. Warshak*, 2011 WL 2450991, at *2 (6th Cir. Mar. 30, 2011) (quoting *United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000)).

The Court acknowledges that under Kentucky law, child support payments become vested when due, rendering each installment of child support "'a lump sum judgment . . . .'" *Gibson v. Gibson*, 211 S.W.3d 601, 609 (Ky. Ct. App. 2006) (quoting *Price v. Price*, 912 S.W.2d 44, 36 (Ky. 1995); *see also Heisley v. Heisley*, 676 S.W.2d 477, 477 (Ky. Ct. App. 1984) ("In accord with a majority of the jurisdictions, we hold that unpaid periodical payments for maintenance of children . . . become vested when due.") (quotation omitted)). But such state law doctrines do not defeat the unequivocal direction of the federal forfeiture statute: proceeds of criminal activity are forfeited to the United States "irrespective of any provision of State law." 21 U.S.C. § 853(a). Accordingly, the Court will deny the Commonwealth's claim.

**Conclusion and Order**

This matter having come before the Court upon the petition of the Commonwealth of Kentucky claiming an interest in property seized from Defendant Harold Bess for delinquent child support under KRS 205.745, the Court having considered the parties' arguments, and being otherwise sufficiently advised;

IT IS HEREBY ORDERED AND ADJUDGED that the Commonwealth of Kentucky's petition, (Docket No. 113), is hereby DENIED and DISMISSED.

Thomas B. Russell, Senior Judge
United States District Court

May 21, 2015

cc: Daniel Kinnicutt, AUSA
Richard Walter
Jason Darnall
Asst. Marshall County Attorney
80 Judicial Drive, Unit #30
Benton, KY 42025